# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ANTONIO LANG, Individually and** | § | |
| **On Behalf of All Others Similarly** | § | |
| **Situated,** | § | |
| **Plaintiff,** | § | |
| **VS** | § | **Civil Action No. _____** |
| **JOHN S. ADAMS, Individually and as** | § | |
| **Executor of the Estate of** | § | **Jury Demanded** |
| **GUY WELDON DAVIS** | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Antonio Lang, on behalf of himself and all others similarly situated ("Plaintiffs" and "Class Members" herein) bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and show as follows:

### I.    NATURE OF SUIT

1.    The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits

to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less one and a one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.        Defendants violated the FLSA by paying employees straight time for overtime hours thereby failing to pay those workers at time-and-one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours.  Plaintiff bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.    PARTIES

3.        Plaintiff, Antonio Lang, is an individual who reside in Dallas County, Texas and was employed by Gus Weldon Davis and John S. Adams within the meaning of the FLSA within the three year period preceding the filing of this Complaint.  He hereby consents to be a party in this action and his consent form is attached as "Exhibit A."

4.        The Plaintiff and Class Members provided Mr. Davis, inter alia, with the following services, valet, sitting, housekeeping, driving and general assistance for care and activities of daily living.

6.        Defendant John S. Adams as executor or of the estate of Guy Weldon

Davis, is an individual who resides in Gladewater, Texas and may be served at, or wherever he may be found.

7.      Defendant, John S. Adams, is an individual who resides in Gladewater, Texas and may be served at, or wherever he may be found.

### III.   JURISDICTION AND VENUE

7.      This Court has jurisdiction over the claim because Plaintiffs have asserted a claim arising under federal law.   Plaintiffs' claims arise under the Fair Labor Standards Act (FLSA).   29 U.S.C. § 201 et seq.   Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.      Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District and Guy Weldon Davis resided in this District at the time of his death.

### IV.   COVERAGE

9.      At all material times, Defendants acted, directly or indirectly, in the interest of an employer with respect to Antonio Lang and the Class Members.

10.     At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.     At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods and/or services for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTUAL ALLEGATIONS

14.     Defendants hired Antonio Lang and Class Members for the purpose of providing domestic service employment to him and his wife.

15.     Defendants was responsible for the hiring and control of the services rendered by Antonio Lang and Class Members.     Defendants were also responsible for determining compensation policies and procedures with respect to Antonio Lang and Class Members as well as calculating the amount paid to Plaintiff and Class Members.

16.     Antonio Lang and Class Members were employed by Defendants as domestic service employees within the three years prior to filing this lawsuit.

17.     As domestic service employees, Antonio Lang and Class Members were required to perform meal preparation, driving, housework, assistance with physical taking the medications, shopping, performing and assisting Guy Davis and his Margaret Davis with activities of daily living such as dressing, grooming, feeding, bathing, toileting and transferring.

18.     Plaintiffs were paid on an hourly basis, but were not properly compensated for hours worked in excess of 40 in a workweek.  Antonio Lang and

Class Members routinely worked in excess of 40 hours per week, but were not paid time-and-one-half their regular rate of pay for those hours. Instead, Antonio Lang and Class Members were paid at the same hourly rate for all hours worked, rather than time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a week

19.     During the three year period prior to this suit, Defendants employed individuals as a domestic service employees who performed the same job duties under the same pay provisions as Antonio Lang, who were likewise denied overtime compensation.

20.   Guy Davis knowingly, willfully, or with reckless disregard carried out is illegal pattern or practice of failing to pay overtime compensation with respect to Antonio Lang and the Class Members.

## VI.   COLLECTIVE ACTION ALLEGATIONS

21.     Antonio Lang and Class Members performed the same or similar job duties as one another in that they worked as domestic service employees for Guy Davis.

22.      Antonio Lang and Class Members were subjected to the same pay provisions in that they were paid on an hourly basis and were not paid at time-and-one-half their regular rates of pay for hours worked over 40 in a work week. Thus, the Class Members are owed unpaid overtime for the same reasons as

Antonio Lang.

23.  Defendants violated 29 U.S.C. §207(a) & (l) by failing to pay Antonio Lang and the Class Members time-and-one-half the regular rate of pay for all hours worked in excess of 40 hours during a workweek.  Application of this policy or practice does not depend on the personal circumstances of the Antonio Lang or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime to Antonio Lang applied to all Class Members.  Accordingly, the "Class Members" are properly defined as:

> **All domestic service employees employed by Defendants and all companion service employees who performed who supplied provision of care for Defendants that exceeded 20 percent of the total hours worked per workweek and who were paid straight time rates for overtime work.**

24.    Defendants knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay overtime compensation with respect to Antonio Lang and the Class Members.

## VII.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25.    During the relevant period, Defendants violated the provisions of Sections 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods and/or services for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of

forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants acted willfully in failing to pay Antonio Lang and the Class Members in accordance with the law.

## VIII.  RELIEF SOUGHT

26.     WHEREFORE, cause  having  been shown, Plaintiff prays for judgment against Defendants as follows:

a.        For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Antonio Lang (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Antonio Lang (and those who may join the suit); and

b.        For an Order awarding Antonio Lang (and those who may join in the suit) the costs of this action;

c.        For an Order awarding Antonio Lang (and those who may join in the suit) attorneys fees; and

d.        For and Order awarding Antonio Lang (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.        For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,


JOHN MEAZELL, P.C.

By: /s/:John G. Meazell
    John G. Meazell
    State Bar No. 00791242
    1400 Gables Court
    Plano, Texas 75075
    (972) 881-4300 – Telephone
    (972) 398-8488 – Facsimile
    attorney@meazell.net

**ATTORNEY FOR PLAINTIFF**

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current/former employer(s).

_____  
Signature

$5-13-16$  
_____  
Date

Antonio Lara  
_____  
Printed Name